UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Henderson, | Case No. 20-cv-1523 (JRT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| William Bolin, et al, | |
| Respondents. | |

This matter comes before the Court on Petitioner Michael Henderson's amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 5-1 ("Petition"). For the following reasons, the Court recommends denying the Petition and declining to issue a certificate of appealability ("COA").

On November 17, 2020, after reviewing (among other things) the Petition, the Court ordered Respondents to "file a memorandum fully stating Respondents' legal position on whether the [Petition] is timely." Order 2, ECF No. 6.[1] Respondents filed that memorandum on November 23, 2020, *see* St.'s Mem. Regarding Timeliness of Pet., ECF No. 7 ("Memorandum"), and the Court received Henderson's reply on February 8, 2021, *see* Supporting Mem., ECF No. 12 ("Reply"). The timeliness issue is thus fully briefed and ready for this Court's consideration.[2]

---

[1] Citations to filed materials use the pagination provided by the Court's CM/ECF filing system.

[2] On February 8, 2020, the Clerk of Court received a letter from Henderson stating that he had been "recently released from segregation" and was waiting for "additional copies to be made" for five filings. *See* Ltr. from Michael Henderson to Clerk of Ct. (Feb. 4, 2021), ECF No. 13. Two of the listed filings appear to relate to the Petition's timeliness: (1) a "28 U.S.C. § 2254 Memorandum," and (2) "Exhibits in an Appendix to Memorandum." *Id.* at 1. As best as the Court can tell, the Court has received

In March 2014, Minnesota authorities charged Henderson with two counts each of second-degree attempted murder, first-degree aggravated robbery, and second-degree assault (all under Minnesota law). *See* Register of Actions, *State v. Henderson*, No. 27-CR-14-8400 ("State-Court Docket").[3] After a trial in September 2014, a Hennepin County jury convicted Henderson on one count of each felony. *See id.*; *State v. Henderson*, No. A15-0127, 2016 WL 208133, at *2 (Minn. Ct. App. Jan. 19, 2016). Henderson appealed part of his conviction and his sentence, but the Minnesota Court of Appeals affirmed in a decision dated January 19, 2016. *See Henderson*, 2016 WL 208133, at *1. Henderson filed a petition for review with the Minnesota Supreme Court, which denied that petition in an order dated March 29, 2016. *See id.* Henderson did not petition the U.S. Supreme Court for review. *See, e.g.*, Pet. 3.

The Petition relies on 28 U.S.C. § 2254. *See id.* at 1. Section 2254 petitions are subject to 28 U.S.C. § 2244(d), which imposes the following deadlines:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

Henderson's memorandum—i.e., the Reply—but the Court has not received any exhibits. Henderson's letter stated that "he [was] diligently trying to get copies" and would send them "as soon as he is able." *Id.* As of today's date, however—well over a month later—the Court has not received any further documents from Henderson.

[3] The State-Court Docket is not attached to any filings in this action. It is a public state-court record, however, and the Court may take judicial notice of such materials. *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 n.6 (D. Minn. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021); *Hodson v. United States*, No. 19-CV-2169 (PAM/ECW), 2021 WL 707894, at *1 n.1 (D. Minn. Feb. 2, 2021), *report and recommendation adopted*, 2021 WL 698776 (D. Minn. Feb. 23, 2021).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court will first address § 2244(d)(1)(A). Because Henderson did not petition for U.S. Supreme Court review of his direct appeal, his judgment of conviction became final when the time for filing a certiorari petition expired. *See, e.g.*, *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) (same). Under Rule 13(1) of the Rules of the U.S. Supreme Court, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Because the Minnesota Supreme Court denied discretionary review on March 29, 2016, Henderson's deadline for filing a certiorari

3

petition was 90 days later—i.e., on June 27, 2016.  Under § 2244(d)(1)(A), then, Henderson had until June 27, 2017, to file a timely § 2254 petition.[4]  Henderson filed the original petition in this action on July 6, 2020.  See Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Custody by a Person in St. Custody 1, ECF No. 1.  Under § 2244(d)(1)(A), this action is plainly untimely.[5]

Henderson's Reply is hard to follow, but it appears to raise one argument based on 28 U.S.C. § 2244(d)(1)(D).  Henderson claims that he is imprisoned due to a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.'"  Reply 5 (quoting 28 U.S.C. § 2254(d)(1)).  Specifically, he raises a sufficiency-of-the-evidence claim and claims that his imprisonment is contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979).  See id. Henderson claims that he only learned of *Jackson* and its implications for his case on or about July 3, 2019.  See id. at 5–6, 10–12.  Before then, he claims, his appellate counsel never discussed *Jackson* with him.  See id. at 6, 10.

This argument fails.  Critically, when the limitations period of § 2244(d)(1)(D) applies, it starts on the date when one, with due diligence, could have discovered the "factual predicate" of the relevant claim or claims underpinning a habeas petition.  "'The factual predicate of a petitioner's claims constitutes the vital facts underlying those

---

[4] The Court thus disagrees with Respondents' calculation presented by Respondents. *See* Mem. 4.  It appears to the Court that Respondents fail to properly apply the U.S. Supreme Court's deadline for filing a certiorari petition.  Little turns on the discrepancy, however; under either calculation, the Petition is untimely under § 2244(d)(1)(A).

[5] As § 2244(d)(2) suggests, a "properly filed" petition for postconviction review can toll the § 2244(d)(1) deadline, and Henderson, as Respondents observe, did file a petition for postconviction review.  *See, e.g.*, Mem. 4; State-Court Docket.  But he filed this in April 2018—too late to toll the § 2244(d)(1)(A) deadline.  *See, e.g.*, Pet. 6; State-Court Docket. The Reply does not challenge this conclusion.

4

claims.'" *Jimerson v. Payne*, 957 F.3d 916, 924 (8th Cir. 2020) (quoting *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)). Here, Henderson does not point to any "factual predicate" in the commonsense meaning of the phrase; he simply means that he was not aware of *Jackson* until July 2019. But a legal rule like that established by *Jackson* simply is not a "vital fact" of the sort beginning the § 2244(d)(1)(D) period, for legal decisions generally are not § 2244(d)(1)(D) "factual predicates." *See, e.g.*, *Keller v. Pringle*, 867 F.3d 1072, 1075 (8th Cir. 2017) (citing cases); *Dixon v. Wachtendorf*, 758 F.3d 992, 994 (8th Cir. 2014) (citing cases).

Furthermore, even if one's discovery of a legal decision could be a "factual predicate" for § 2244(d)(1)(D) purposes, the Court does not see how Henderson's discovery of *Jackson* could be one here. At root, Henderson wants to press a sufficiency-of-the-evidence argument. For such an argument, the key standard arises from *In re Winship*, which holds that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970); *see also Alleyne v. United States*, 570 U.S. 99, 104–05 (2013) (citing *Winship*). Henderson admits being aware of *Winship* itself for quite some time, as his appellate counsel apparently cited it in Henderson's direct appeal to the Minnesota Court of Appeals. *See* Reply 6–7.

Henderson asserts that, notwithstanding his knowledge of *Winship*, something in *Jackson* made Henderson's awareness of that case—not *Winship*—the point at which the § 2244(d)(1)(D) period should begin to run. But this is hard to understand: as a doctrinal matter, *Jackson* merely establishes the standard of review that a federal court should apply when addressing a habeas petitioner's claim of state-court *Winship* error. *See*

5

*Jackson*, 443 U.S. at 309 ("The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. [*Winship*.] The question in this case is what standard is to be applied in a federal habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence."); *id.* at 324 ("We hold that in a challenge to a state criminal conviction brought under [§ 2254] . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.").

This distinction matters because the substantive guarantee at issue here—the right to not be convicted on insufficient evidence—is created by *Winship*. *Jackson* merely explains how a federal court should determine whether a *Winship* violation occurred. Indeed, the purported state-court error here cannot be one under *Jackson*, for *Jackson*'s rule is not even one that applies to state courts. The upshot is that, even if legal decisions can be "factual predicates" under § 2244(d)(1)(D)—which the Court doubts—*Jackson* cannot possibly serve as an applicable "factual predicate" for Henderson here.

Because Henderson fails to show that § 2244(d)(1)(D) establishes the relevant deadline for his Petition, and makes no other argument challenging the § 2244(d)(1)(A) deadline,[6] the Court concludes that the Petition is untimely. The Court therefore recommends dismissing the Petition.

---

[6] For instance, as best as the Court can tell, Henderson does not argue that he is entitled to equitable tolling of the § 2244(d)(1) statute of limitations. *See generally* Reply; *cf. Holland v. Florida*, 560 U.S. 631, 650 (2010) (stating that petitioner is entitled to equitable tolling of § 2244(d)(1) deadline "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To be sure, the Court is unaware of any "extraordinary circumstance" here making Henderson eligible for equitable tolling.

6

One final point: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Henderson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above. Accordingly, the Court recommends that no COA be issued in this matter.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, this Court RECOMMENDS:

1. Petitioner Michael Henderson's amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 5-1, be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.

2. No certificate of appealability be issued.

Dated: March 23, 2021                     s/David T. Schultz
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may

7

8

respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).