UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL HENDERSON,

Petitioner,

Civil No. 20-cv-1523 (JRT/DTS)

v.

WILLIAM BOLIN and STATE OF MINNESOTA

Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Michael Henderson, OID No. 245287, MCF Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se*.

Jonathan P. Schmidt, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, C-2000 Government Center, Minneapolis, MN 55487; Edwin William Stockmeyer, III and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondents.

Petitioner Michael Henderson filed a Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, alleging he is in custody in violation of the laws of the United States. (Pet. Writ Habeas Corpus, at 2, July 6, 2020, Docket No. 1; Am. Pet., Sept. 25, 2020, Docket No. 5-1.)[1] Henderson alleges that he is being imprisoned in violation of the Due Process Clause of the Fourteenth Amendment based on the insufficiency of the evidence used to convict him. (Pet. at 5.) The Magistrate Judge recommended the Petition be denied in his Report and Recommendation ("R&R")

---

[1] For consistency and clarity, citations to filed materials use the pagination provided by the Court's CM/ECF filing system.

because Henderson's Petition was untimely. (R&R at 6, Mar. 23, 2021, Docket No. 14.) Henderson objected to the R&R's conclusion that his Petition was untimely citing, for the first time, his counsel's failure to inform him that he could have appealed his conviction to the United States Supreme Court. (R&R Obj., at 1–2, Sept. 21, 2021, Docket No. 24.) Henderson further objects to the Magistrate Judge's conclusion regarding the effect of his Minn. Stat. 590.01 post-conviction petition on the timeliness of his petition. (*Id*. at 2.) Lastly, Henderson objects to the Magistrate Judge's recommendation to deny a certificate of appealability ("COA"). (*Id.* at 9–11.)

Because Henderson improperly raises new arguments in his objections and has not made a substantial showing of the denial of a constitutional right, his objections must be overruled. Accordingly, the Court will adopt the R&R, overrule Henderson's objections, deny his petition, and not issue a certificate of appealability.

## BACKGROUND

In early 2014, the State of Minnesota charged Henderson with one count of first-degree aggravated robbery, two counts of attempted second-degree murder, one count of attempted first-degree aggravated robbery, and one count of second-degree assault resulting from the attempted robbery of his then-employer Sam's Club. *State v. Henderson*, No. A15-0127, 2016 WL 208133, at *2 (Minn. Ct. App. Jan. 19, 2016), *rev. denied* (Minn. Mar. 29, 2016). A Hennepin County jury convicted Henderson in late 2014

of attempted second-degree murder and second-degree assault. (*Id*.) Henderson appealed his conviction and sentence, but the Minnesota Court of Appeals affirmed both in 2016. (*Id*. at *1.) Henderson then petitioned the Minnesota Supreme Court, but that court declined review by order dated March 29, 2016. As noted by the Magistrate Judge, Henderson did not petition the United States Supreme Court for review. (R&R at 3.)

Over two years later, Henderson timely filed a state post-conviction petition on April 25, 2018. In his petition, Henderson argued that the state appellate court did not apply the correct standard of review, challenged a jury instruction, and asserted that he received ineffective assistance counsel at both the trial and appellate levels. *State v. Henderson*, No. A18-1858, 2019 WL 2415256, at *1 (Minn. Ct. App. June 10, 2019*), rev. denied* (Minn. Aug. 20, 2019). Henderson's petition was denied. *Id*. The Minnesota Court of Appeals affirmed the denial because the claims were procedurally barred and failed as a matter of law. (*Id*. at *4.) The Minnesota Supreme Court also denied Henderson's petition for further review on August 20, 2019, and judgment was entered on August 21, 2019.

Henderson subsequently filed his Petition seeking habeas relief on July 6, 2020.[2] Henderson's Petition raised identical issues to his petitions in state court, such as the standard of review used by the state court of appeals and the alleged ineffective

---

[2] Henderson has filed various additional motions in this case. (See Mot. Appoint Counsel, Sept. 21, 2021, Docket No. 25; Mot. Discovery Expansion Record, Sept. 21, 2021, Docket No. 29; Mot. Compel Video Evidence, Sept 21, 2021, Docket No. 31.) The Court's adoption of the R&R and denial of Henderson's Petition renders these motions moot.

assistance of counsel. (Pet. at 3.) Henderson also argued that the evidence used against him was insufficient to convict him and that acquittal of a more serious offense should have precluded conviction on a lesser offense. (*Id.*) The Court later allowed Henderson to file an amended petition on September 25, 2020. (Order Granting Mot. Amend, Nov. 17, 2020, Docket No. 6.) On the same day, the Court issued an order directing Respondents to address the threshold question of the timeliness of Henderson's petition and to "file a memorandum fully stating Respondents' legal position on whether the Amended Petition is timely." (*Id*.) Respondents filed their memorandum on November 23, 2020 and the Court received Henderson's reply on February 8, 2021. (Mem. Regarding Timeliness Pet., Nov. 23, 2020, Docket No. 7; Supporting Mem., Feb. 8, 2021, Docket No. 12.)

The Magistrate Judge issued an R&R concluding that Henderson's petition was untimely. (R&R at 6.) Specifically, the Magistrate Judge found that "Henderson fail[ed] to show that § 2244(d)(1)(D) establishes the relevant deadline for his Petition, and makes no other argument challenging the § 2244(d)(1)(A) deadline[.]" (*Id.*) The Magistrate Judge also noted that Henderson cannot appeal an adverse ruling on his petition without a COA. (*Id*. at 7 (citing 28 U.S.C. § 2253(c)(1)and Fed. R. App. P. 22(b)(1).) Accordingly, the Magistrate Judge recommended denying the Petition, dismissing the action with prejudice, and not issuing a COA. (*Id*. at 7.)

The Court initially adopted the R&R and entered judgment. (Order Adopting R&R, Apr. 28, 2021, Docket No. 15.) However, Henderson brought a motion to vacate the order adopting the R&R and the entry of judgment. (Mot. Vacate Order, June 4, 2021, Docket No. 17.) The Court granted Henderson's motion and required Henderson to submit his objections by August 10, 2021. (Order Granting Mot. Vacate Order at 1, July 7, 2021, Docket No. 19.) The Court later granted Henderson's request for an extension and required Henderson to submit his objections by September 17, 2021. (Order Granting Mot. Extension, Aug. 19, 2021, Docket No. 21.) Henderson timely filed objections to the R&R.[3] (R&R Obj., Sept 21, 2021, Docket No. 24.) Respondents then timely filed their response to Henderson's objections. (Response R&R Obj., Sept 27, 2021, Docket No. 34.)

## DISCUSSION

### I.     STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to"

---

[3] Henderson's objections were received by the Court on September 21, 2021. However, Henderson's objections were signed and dated September 16, 2021. Accordingly, the Court will treat Henderson's objections as timely.

portion of an R&R.[4] Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   ANALYSIS

Henderson raises two objections to the R&R's conclusion that Petition was untimely and also objects to the recommendation to deny a COA. Henderson first argues that his appellate counsel's alleged failure to inform him that he could petition the United States Supreme Court for review supports equitably tolling the applicable one-year period to file his petition. (R&R Obj. at 2–3.) Second, Henderson appears to argue that because his state court petition was timely filed and the time when such petitions are pending does not count against the one-year period applicable to his habeas petition, the Magistrate Judge was incorrect in finding the Petition untimely. (*Id*. at 2.) Third, Henderson argues that a COA should be issued because this Court, as well as the Eighth Circuit, would reach a conclusion contrary to that of the Magistrate Judge. (*Id*. at 10.)

### a.   Equitably Tolling the One-Year Period

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

---

[4] When reviewing a case de novo, the Court decides the issues without reference to any legal conclusion or assumption made by the Magistrate Judge.

However, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *See Madol v. Dan Nelson Auto. Group,* 372 F.3d 997, 1000 (8th Cir. 2004). "[A] claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." *Roberts v. Apfel,* 222 F.3d 466, 470 (8th Cir. 2000).

As an initial matter, Henderson never presented an argument regarding equitably tolling the one-year period to the Magistrate Judge. Instead, Henderson argued that § 2244(d)(1)(D) established the relevant start date for the one-year period due to Henderson lacking knowledge of the case of *Jackson v. Virginia*, 443 U.S. 307 (1979). (Supporting Mem. at 5–6 (quoting 28 U.S.C. § 2254(d)(1)).) In fact, the Magistrate Judge noted that Henderson made no other challenge to § 2244(d)(1)(A) establishing the appropriate deadline. (R&R at 6.) The Magistrate Judge further detailed that Henderson had not argued he is entitled to equitable tolling and, even if he did, "the Court is unaware of any 'extraordinary circumstance' here making Henderson eligible for equitable tolling." (R&R at 6 n.6.) Because Henderson raises his equitable tolling argument for the first time in his objections to the R&R, the issue was not properly preserved and is not available for this Court to review. *Roberts,* 222 F.3d at 470.

However, even if it were properly preserved, the Court would agree with the Magistrate Judge's assessment—the Court is unaware of any extraordinary circumstances warranting equitable tolling. Were the Court to assume that Henderson's counsel did not

-7-

inform him that he could petition the United States Supreme Court to review the Minnesota Supreme Court's denial and that this was a sufficient extraordinary circumstance, Henderson still has not proved that he diligently pursued his rights. Notably, Henderson does not explain why he waited nearly four years after the Minnesota Supreme Court's denial to raise this issue instead of immediately pursuing his petition.

Therefore, the Court will overrule Henderson's objection relating to his failure to petition the United States Supreme Court and his argument for equitably tolling the one-year period.

### b. Henderson's State Law Postconviction Petition

A person properly seeking relief under 28 U.S.C. § 2254 must file a petition within one year from the date on which the judgment became final.  28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). However, the one-year period to file a federal habeas petition is only tolled after a state post-conviction pleading is filed.  *Bergeron v. Schnell*, Civil No. 20-0701, 2020 WL 6550663, at *3 (D. Minn. Oct. 1, 2020).  Thus, only "the time between the date that direct review of a conviction is completed and the date that an application for state

post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

In his objections, Henderson appears to confuse the timeliness of his state court petition with the timeliness of his federal court habeas petition. Although there is a two-year period to file his state court petition, the state court petition does not affect the time period applicable to his habeas petition until the state court petition is actually filed. Here, Henderson's judgment of conviction became final when the time for filing a certiorari petition expired. See, e.g., *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The Minnesota Supreme Court denied discretionary review on March 29, 2016, and Henderson's deadline for filing a certiorari petition was 90 days later on June 27, 2016. *See* U.S. Supreme Ct. R. 13(1). Henderson therefore had until one year later—June 27, 2017—to timely file a petition pursuant to § 2254. Henderson filed the original petition in this action on July 6, 2020. Although Henderson is correct that he properly filed his state court petition under the two-year period, he did not file the state court petition until April 25, 2018—nearly a year after the period governing § 2254 petitions had elapsed. Thus, by the time Henderson filed his state court petition, there was no federal limitation period remaining to toll for his habeas petition. *Painter*, 247 F.3d at 1256 ("Therefore, as the district court held, by the time [the Petitioner] filed his state-court application on

November 11, 1997, there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred.").

Because the one-year period governing Henderson's § 2254 petition had already passed when he filed his state court petition, the Court will overrule his objection to the time period calculations in the Magistrate Judge's R&R.

### c. The Certificate of Appealability

Finally, the Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

For purposes of appeal under § 2253, the Court finds that Henderson has not shown that reasonable jurists would find the issues raised in his habeas Petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the R&R [Docket No. 24] are **OVERRULED;**

2. The R&R [Docket No. 14] is **ADOPTED** ;

3. Henderson's Amended Petition for Writ of Habeas Corpus [Docket No. 5-1] is **DIMISSISED WITH PREJUDICE**; and

4. For the purpose of appeal, the Court does not grant a **certificate of appealability.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 28, 2021
at Minneapolis, Minnesota.

                                                            JOHN R. TUNHEIM
                                                              Chief Judge
                                           United States District Court